# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY NELSON, Trustee of the Nelson Living trust,<br><br>                          Plaintiff,<br><br>v.<br><br>ANTHONY WAYNE KREBBS, SR.; KISHIA KREBBS; DOES 1-10,<br><br>                         Defendants. | Case No.: 19-CV-2162 JLS (LL)<br><br>**ORDER SUA SPONTE REMANDING ACTION** |

On September 9, 2019, Plaintiff Peggy Nelson filed a complaint against Defendants Anthony and Kishia Krebbs in the Superior Court of California, County of San Diego. Defendants removed the action to this Court on November 12, 2019. On the same day, Defendants also filed a Motion for Leave to Proceed *In Forma Pauperis*. Because the Court lacks subject matter jurisdiction, the Court sua sponte **REMANDS** this action.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) ("The court may—indeed must—remand an action sua sponte if it determines that it lacks subject matter jurisdiction.") (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). There are two bases for subject

1

matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332, courts have diversity jurisdiction when the "matter in controversy exceeds . . . $75,000 . . . and is between . . . [¶] citizens of different States." Federal courts have federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Neither bases for subject matter jurisdiction is met in this case. Plaintiff, a California resident, brings a claim for unlawful detainer against Defendants, who are also California residents, seeking $1,875 in damages. ECF No. 1-2. In their Notice of Removal, Defendants contend that "federal question [jurisdiction] exists because Defendant[s'] Answer . . . depends[s] on the determination of Defendant[s'] rights and Plaintiff's duties under federal law." Notice of Removal at 2, ECF No. 1. Defendants' invocation of federal counterclaims and defenses, however, does not create federal question jurisdiction. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10–11 (1983). Defendants have also not shown diversity jurisdiction exits, as the case is between California residents and the amount in controversy is far less than $75,000. Defendants have therefore failed to meet their burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

For these reasons, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego. Defendants' Motion to Proceed IFP is **DENIED AS MOOT**, (ECF No. 4). The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 18, 2019

Hon. Janis L. Sammartino
United States District Judge